# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| UNIVITA HOLDINGS, *et al.*,[1] | ) | Case No. 15-11786 (MFW) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| DAVID W. CARICKHOFF, solely as CHAPTER 7 TRUSTEE OF THE ESTATES OF UNIVITA HOLDINGS, *et al.*, | ) ) ) | Adv. Proc. No. 17-50896 (MFW) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GULF MEDICAL SERVICES, INC., | ) | |
| | ) | |
| Defendant, | ) | |

### DEFENDANT GULF MEDICAL SERVICES, INC.'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS (PURSUANT TO 11 U.S.C. §§ 547 & 550) AND AFFIRMATIVE DEFENSES

Defendant Gulf Medical Services, Inc. ("Gulf Medical"), by and through its undersigned counsel, hereby answers the *Complaint for Avoidance and Recovery of Preferential Transfers* [Adv. Dkt. No. 1] (the "Complaint") of plaintiff, David W. Carickhoff ("Plaintiff"), Chapter 7 Trustee for the bankruptcy estates of Univita Holdings, *et al* (collectively, the "Debtors"), as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Univita Health Inc. (8546); Univita Health Systems Holdings, LLC (3447); Univita Healthcare Solutions LLC (7010); Univita of Georgia LLC (6674); Univita of Tennessee, Inc. (5660); Univita Healthcare Solutions of Georgia, Inc. (9687); All-Med Management Systems of New York Independent Practice Association, Incorporated (5681); Univita Health Holdings Corp. (0642); Univita Homecare Holdings LLC (7139); Univita Homecare Solutions LLC (0338); Univita of Florida, Inc. (8107) and Univita Holdings LLC (1923).

### Nature of the Action

1. Gulf Medical denies it received preferential transfers or that any preferential transfers occurred during the 90-day period to commencement of the Debtors' bankruptcy cases and denies allegations of paragraph 1 of the Complaint.

### The Parties

2. Gulf Medical denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Gulf Medical admits the allegations of paragraph 3 of the Complaint.

### Jurisdiction and Venue

4. Gulf Medical admits the allegations of paragraph 4 of the Complaint.

5. Gulf Medical admits the allegations of paragraph 5 of the Complaint.

6. Pursuant to Local Bankruptcy Rule 7008-1, Gulf Medical affirms its consent to the entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. Gulf Medical admits the allegations to paragraph 7 of the Complaint.

8. Paragraph 8 is a statement of law of which no response is required.

### Case Background

9. Gulf Medical denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint.

10. Gulf Medical denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

## Facts

11. Gulf Medical denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12. Gulf Medical admits that Debtors made certain payments to the Defendant within 90 days prior to August 28, 2015, in payment of debt incurred in the ordinary course of business under the ordinary business terms of the contract between Debtor and Defendant for providing services and items to and for Florida Medicaid beneficiaries, pursuant to the long standing, participating provider contract Defendant had with Debtors. Said claims were submitted by Defendant as contractually required under the contract with Debtors for services and items provided to Florida Medicaid beneficiaries, pursuant to the requirements and standards for Florida Medicaid claims, which included the claims set forth in Exhibit A to the Complaint, as set forth in the allegations of paragraph 12 of the Complaint.

13. Gulf Medical admits that Debtors made certain payments to the Defendant within 90 days prior to August 28, 2015, in payment of debt incurred in the ordinary course of business under the ordinary business terms of the contract between Debtor and Defendant for providing services and items to and for Florida Medicaid beneficiaries, pursuant to the long standing, participating provider contract Defendant had with Debtors. Said claims were submitted by Defendant as contractually required under the contract with Debtors for services and items provided to Florida Medicaid beneficiaries, pursuant to the requirements and standards for Florida Medicaid claims, which included the claims set forth in Exhibit A to the Complaint, as set forth in the allegations of paragraph 13 of the Complaint. Gulf Medical denies the remaining allegations of paragraph 13 of the Complaint.

14. Gulf Medical admits that it has total defenses to avoidance of the Transfers. The statement regarding burden is a statement of law to which no response is required. Gulf Medical denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint.

### First Claim for Relief
### (Avoidance of Preferential Transfers – 11 U.S.C. §547)

15. Gulf Medical repeats and realleges its response set forth in paragraphs 1 through 14 above, as though fully set forth herein.

16. Gulf Medical admits that it received some payments from Debtor within ninety (90) days prior to August 28, 2015, as set forth in Exhibit A. Gulf Medical denies the remaining allegations of paragraph 16 of the Complaint.

17. Gulf Medical denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Gulf Medical denies allegations of paragraph 18 of the Complaint.

19. Gulf Medical denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. Gulf Medical admits that transfers were made to Gulf Medical, a creditor of Univita, Debtor. Gulf Medical denies the remaining allegations contained in paragraph 20 of the Complaint.

21. Gulf Medical denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Gulf Medical asserts that paragraph 22 of the Complaint asserts a conclusion of law to which nor response is required. To the extent that a response is deemed required, Gulf Medical denies the allegations of paragraph 22 of the Complaint.

23. Gulf Medical asserts that paragraph 23 of the Complaint asserts a conclusion of law to which nor response is required. To the extent that a response is deemed required, Gulf Medical denies the allegations of paragraph 23 of the Complaint.

24. Gulf Medical asserts that paragraph 24 of the Complaint asserts a conclusion of law to which nor response is required. To the extent that a response is deemed required, Gulf Medical denies the allegations of paragraph 24 of the Complaint.

## Second Claim for Relief
### (Recovery of Property – 11 U.S.C. §550)

25. Gulf Medical repeats and realleges its response set forth in paragraphs 1 through 24 above, as though fully set forth herein.

26. Gulf Medical asserts that paragraph 26 of the Complaint asserts a conclusion of law to which nor response is required. To the extent that a response is deemed required, Gulf Medical denies the allegations of paragraph 26 of the Complaint.

27. Gulf Medical asserts that paragraph 27 of the Complaint asserts a conclusion of law to which nor response is required. To the extent that a response is deemed required, Gulf Medical denies the allegations of paragraph 27 of the Complaint.

28. Gulf Medical asserts that paragraph 28 of the Complaint asserts a conclusion of law to which nor response is required. To the extent that a response is deemed required, Gulf Medical denies the allegations of paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

Gulf Medical hereby sets forth the following defenses, without admitting that any of them are technically "affirmative defenses" and/or that Gulf Medical bears the burden of proof or persuasion with respect to any of these defenses.

### FIRST AFFIRMATIVE DEFENSE

Any preferential transfer was in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the transferee and was made in the ordinary course of business or financial affairs of the Debtors and the transferee and/or according to ordinary business terms.

### SECOND AFFIRMATIVE DEFENSE

After any preferential transfer, the creditor/Gulf Medical gave new value to or for the benefit of the Debtors (A) not secured by an otherwise avoidable security interest and (B) on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

### THIRD AFFIRMATIVE DEFENSE

Any preferential transfer was (A) intended by the Debtors and the creditor/Gulf Medical to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the Debtors and (B) in fact a substantially contemporaneous exchange.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action and alleged damages, if any, are barred in whole or part by the doctrine of setoff and/or recoupment.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, release, laches and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Insofar as any cause of action in the Compliant sounds in fraud, the Complaint fails to plead fraud with particularity.

### SEVENTH AFFIRMATIVE DEFENSE

Any payment to Gulf Medical as alleged in the Complaint was received in good faith and for value.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state claims upon which relief might be granted.

### ADDITIONAL AFFIRMATIVE DEFENSES

Gulf Medical reserves the right to amend this Answer to assert additional affirmative defenses that become known to Gulf Medical through discovery or otherwise.

WHEREFORE, Gulf Medical respectfully requests that the Court enter judgement in its favor and against Plaintiff (i) denying Plaintiff any relief, (ii) awarding Gulf Medical all costs and attorneys' fees incurred in defending relief as the Court deems just and proper.

Dated:  September 11, 2017

**Brown & Fortunato, P.C.**
Pamela F. Colbert (AL Bar No. 2172-B47P)
Adam Bell (TX Bar No. 24101500)
905 S. Fillmore, Suite 400
Amarillo, TX 79101
Telephone: (806) 345.6300
Facsimile: (806) 345.6363
Email:  pcolbert@bf-law.com
          ABell@bf-law.com

- and -

**SULLIVAN HAZELTINE ALLINSON LLC**

/s/ William D. Sullivan
_____
William D. Sullivan (Bar No. 2820)
William Hazeltine (Bar No. 3294)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Telephone: 302.428.8191
Facsimile: 302.428.8195
Email: bsuullivan@sha-llc.com
         whazeltine@sha-llc.com

*Counsel for Defendant Gulf Medical Services, Inc.*

F:\DOCS\3497\000\HCAPPEALS\2B15426.DOCX